**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TANYA GORDET, General Administratrix : | Civil Action No. 15-1470 (FLW)(LHG) |
| and Administratrix Ad Prosequendum of the : | |
| ESTATE OF DAVID GORDET, Deceased, : | **OPINION** |
| and TANYA GORDET, Individually, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| CHRYSLERGROUP LLC, FIAT : | |
| CHRYSLER AUTOMOBILES, NV, TED'S : | |
| USED CARS, LLC d/b/a SAYLORSBURG : | |
| AUTO SALES and JOHN DOES I-XV, : | |
| : | |
| Defendants. : | |

**WOLFSON, United States District Judge**:

This matter comes before the Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) filed by Defendant Ted's Used Cars, LLC d/b/a Saylorsburg Auto Sales ("Ted's Used Cars" or "Defendant"), seeking dismissal of the Complaint filed by Plaintiff Tanya Gordet, in both her individual capacity and as administratrix of the Estate of David Gordet (collectively "Gordet" or "Plaintiff"), for want of personal jurisdiction. For the following reasons, Plaintiff's motion to dismiss for want of personal jurisdiction is dismissed as moot, and this matter is transferred to the United States District Court for the Middle District of Pennsylvania.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are taken from the Complaint, except where noted. This is a wrongful death/product liability action. On November 30, 2010, Ted's Used Cars sold a 1998 Plymouth Neon ("Neon") to Michael Gordet in Pennsylvania. *Compl.* ¶ 10; *id.* Fifth Count ¶ 4; Affidavit of

1

Richard Marshall-Kornst dated March 18, 2015 ("Kornst Aff.") ¶ 6.[1]  On November 10, 2012, David Gordet was severely injured, and ultimately died, when the Neon's mechanical jack allegedly failed, causing the Neon to collapse on top of him in Whiting, New Jersey.[2]  Compl. ¶¶ 11-14.

Ted's Used Cars is a Pennsylvania Limited Liability Company with it principal place of business in Stroudsburg, Pennsylvania, and it allegedly "regularly transacts business in the State of New Jersey."  Compl. ¶ 7.  The record before the Court indicates that the company has the following contacts with New Jersey:

- From 2004 to 2015, Ted's Used Cars has sold 51 cars to New Jersey residents, from a total of 5,746 cars sold.  Letter Brief of Christopher K. Koutsouris, Esq., dated July 28, 2015 ("Koutsouris Br."), Ex. A; Letter Brief of Kevin R. Dochney, Esq., dated July 29, 2015 ("Dochney Br."), Ex. A.

- On March 23, 2005 and April 27, 2005, Ted's Used Cars' website advertised that it "has been serving Monroe county, Northampton county, New Jersey & surrounding areas for over 50 Years."  Certification of Timothy J. McNichols, Esq., dated April 20, 2015 ("McNichols Cert."), Ex. A, B.  On April 27, 2005, Ted's Used Cars' website also included driving directions informing prospective customers on how to reach the car dealership from New Jersey.  *Id.* at Ex. C.[3]

---

[1] "In examining personal jurisdiction under Rule 12(b)(2), the Court must look beyond the pleadings[.]" *Weber v. Jolly Hotels*, 977 F. Supp. 327, 331 (D.N.J. 1997); *see Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984); *Witasick v. Estes*, No. 11-3895, 2012 U.S. Dist. LEXIS 105806, at *17-18 (D.N.J. July 30, 2012).

[2] The nature of the relationship between Michael and David Gordet is unclear from the pleadings.

[3] Exhibits A, B, and C of the McNichols Certification are screenshots taken from the Internet Archive's Wayback Machine, a digital database archiving past images of webpages on days when the Wayback Machine "crawled" over the website at issue.  *See United States v. Bansal*, 663 F.3d 634, 667-68 (3d Cir. 2011) (holding that screenshots from the Wayback Machine are admissible when properly authenticated under F.R.E. 901), *cert. denied*, __ U.S. __, 132 S. Ct. 2700 (2012); *Healthcare Advocates, Inc. v. Harding, Earley, Follmer, & Frailey*, 497 F. Supp. 2d 627, 631 (E.D. Pa. 2007) (generally describing the Wayback Machine).

- Ted's Used Cars advertises in the A.B.E./Pocono Edition of Autoshopper magazine.[4]  *Id.* at Ex. D.

- An unsatisfied customer, apparently located in New Jersey, posted a complaint on the internet about a vehicle he purchased from Ted's Used Cars, to which an employee of Ted's Used Cars responded and apologized for the customer's poor experience, but did not affirmatively deny that Ted's Used Cars transacts business with New Jersey residents.  McNichols Cert. at Ex. F.

- Ted's Used Cars "markets its business" through Yellowpages.com and appears in searches as a used car dealer in the Columbia, New Jersey area.  *Id.* at Ex. G.

- A mechanic employed by Ted's Used Cars indicated in his Facebook page that he lived in Phillipsburg, NJ at some point in the past.[5]  McNichols Cert. at Ex. H.

On December 29, 2014, Plaintiff brought suit against Chrysler, Group, LLC ("Chrysler"); Fiat Chrysler Automobiles, NV; Ted's Used Cars; and John Doe defendants in the Superior Court of New Jersey, Law Division, Ocean County, under docket no. OCN-L-3489-14.  On February 27, 2015, Chrysler removed this matter to this Court.  On March 3, 2015, Defendant filed its own notice of removal.  On March 24, 2015, Defendant filed the instant motion to dismiss for lack of personal jurisdiction.[6]

---

[4] Gordet's attorney asserts that "based on information and belief," Autoshopper magazine is a publication of Showcase Publications, Inc., a New Jersey corporation.  Id. at Ex. E.  Ted's Used Cars acknowledges it advertised in Autoshopper magazine, but claims it "did not realize it was a New Jersey [c]ompany."  Supplemental Affidavit of Richard Marshall-Kornst, dated April 27, 2015 (Korsnt Supp. Aff.) ¶ 4.  Teds Used Cars argues that "[d]iscovery clarified" that the A.B.E./Pocono publication is one of 11 different publications tailored to various regions, and that that particular Autoshopper does not target New Jersey.  *See* Letter Brief of Kevin R. Dochney, Esq., dated July 29, 2015; *see also* Kornst Aff. ¶ 15 (averring that Defendant "does not regularly advertise in periodicals or media specifically directed at residents of New Jersey").

[5] Ted's Used Cars asserts that the mechanic's "girlfriend, presumably now ex-girlfriend had corrupted his account and put her address," and that it has since been changed.  *See also* Korsnt Supp. Aff.¶ 3 (providing the mechanic's address in Easton, Pennsylvania); Dochney Br., Ex. A.

[6] Removal does not, by itself, constitute a waiver of objection to personal jurisdiction.  *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929); *Brahney v. Pinnacle Credit*

## II.    STANDARD OF REVIEW

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citing N.J. Ct. R. 4:4-4(c)).

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2).  The plaintiff has the burden to prove facts sufficient to establish personal jurisdiction by a preponderance of the evidence.  *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 478 (D.N.J. 2009); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 632 (D.N.J. 2004).  In deciding a Rule 12(b)(2), "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."  *Miller Yacht Sales*, 384 F.3d at 97; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).  However, although a plaintiff is entitled to have its allegations treated as true and disputed facts construed in its favor, it still "'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper."  *Cerciello v. Canale*, 563 F. Appx. 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank*, 954 F.2d at 146).  "To meet that burden, [the plaintiff] must 'establish[] jurisdictional facts through sworn affidavits or other competent evidence.'"  *Id.* (citation omitted).  "In other words, 'bare pleadings alone' are insufficient to withstand a motion to dismiss for lack of personal jurisdiction."  *Id.* (citation omitted); *see also Patterson by Patterson*

_____

*Servs.*, No. 14-1422, 2014 U.S. Dist. LEXIS 120791, at *5 n.2 (D.N.J. Aug. 29, 2014); *Rivera v. Bally's Park Place, Inc.*, 798 F. Supp. 2d 611, 615-16 (E.D. Pa. 2011).

4

*v. F.B.I.*, 893 F.2d 595, 604 (3d Cir.) (holding that a plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence; reliance on the bare pleadings is not enough."), *cert denied*, 498 U.S. 812 (1990). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay*, 334 F. Supp. 2d at 633 (citing *Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)).

## III.   DISCUSSION

A federal court sitting in diversity must follow a two-step inquiry to determine personal jurisdiction: first, the court must apply the forum state's long-arm statute and, second, the court must apply the Due Process Clause of the United States Constitution. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). In this District, this inquiry is reduced to a single step because New Jersey's long-arm statute permits jurisdiction to the full extent of the Due Process Clause. *Miller Yacht Sales*, 384 F.3d at 96; *IMO Indus.*, 155 F.3d at 59. The Due Process Clause allows a court to exercise personal jurisdiction over a defendant if the defendant has "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff argues that Defendant is subject to both general and specific personal jurisdiction in New Jersey because (1) Defendant advertises in, and sells cars regularly to, New Jersey customers and (2) Defendant placed the Neon which killed David Gordet in the stream of commerce when it sold the Neon to Michael Gordet in Pennsylvania. For the reasons outlined below, this Court finds it has neither general nor specific jurisdiction over Defendant.

### A.   General Jurisdiction

General jurisdiction refers to a court's power to "hear any and all claims" against an out-of-state defendant when its "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 751 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, __ U.S. __, 131 S. Ct. 2846, 2851 (2011). For a corporation the "paradig[m] . . . bases for general jurisdiction" are its place of incorporation and principal place of business. *Daimler AG*, 134 S. Ct. at 760 (citation omitted). However, that does not mean that "a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business." *Id.* The question is "whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear*, 134 S. Ct. at 2851).

Ted's Used Cars is a Pennsylvania Limited Liability Company with its principal place of business in Stroudsburg, Pennsylvania.[7] Compl. ¶ 7; Defendant's Notice of Removal, dated March 3, 2015, ¶ 3. Although Plaintiff alleges that Defendant "regularly transacts business in the State of New Jersey," Compl. ¶ 7, this allegation does not meet the stringent requirement for general jurisdiction. Indeed, discovery has revealed that from 2004 to 2015, less than 1% of Defendant's cars were sold to New Jersey residents. Koutsouris Br. Ex. A; Dochney Br., Ex. A; *see Goodyear*, 131 S. Ct. at 2852, 2857 (holding that sales of "tens of thousands out of tens of millions [of tires] manufactured between 2004 and 2007" was an "attenuated connection[] to the State," that fell "far

---

[7] "[T]he citizenship of a limited liability company 'is determined by the citizenship of each of its members.'" *TI Inv. Servs., LLC v. Microsoft Corp.*, 23 F. Supp. 3d 451, 458 n.5 (D.N.J. 2014) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013)); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Plaintiff does not allege that any of the members of Defendant reside in New Jersey. Moreover, if a member of Defendant resided in New Jersey, this Court would gain general personal jurisdiction, but lose subject matter jurisdiction based on a lack of diversity. 18 U.S.C. § 1332.

short of the 'the continuous and systematic general business contacts' necessary to empower [the State] to entertain suit against them on claims unrelated to anything that connects them to the State."); *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984) ("[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of [general] jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). Accordingly, Defendant's sales of less than 1% of its cars to New Jersey residents is insufficient to establish general jurisdiction over Defendant.

### B.    Specific Jurisdiction

In the absence of "continuous and systematic" contacts warranting the exercise of general jurisdiction, a plaintiff may rely on "specific jurisdiction" where the cause of action is related to, or arises out of, the defendant's contacts with the forum. *IMO Indus.*, 155 F.3d at 259 (citing *Helicopteros*, 466 U.S. at 414 n.8). Proper establishment of specific jurisdiction under the Due Process Clause requires satisfaction of a three-part test. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007); *Oticon, Inc. v. Sebotek Hearing Sys., LLC*, 865 F. Supp. 2d 501, 510 (D.N.J. 2011).

> First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414; *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting [*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)]).

*O'Connor*, 496 F.3d at 317.

Plaintiff argues that New Jersey may exercise specific jurisdiction over Defendant based on the "stream of commerce" theory. Specifically, Plaintiff argues that Defendant not only placed the Neon in the stream of commerce by selling it to Michael Gordet, but that Defendant "targeted"

New Jersey through its website (which provided driving direction from New Jersey and stated that Defendant served New Jersey), appearing in yellowpages search results, and by advertising in an Autoshopper circular in the Poconos area. *See* McNichols Cert. Ex.'s A, B, C, D, and G.   The stream of commerce theory, however, is only relevant to the first prong of the specific jurisdiction analysis:  purposeful availment. *See J. McIntyre Mach., Ltd. v. Nicastro*, __ U.S. __, 131 S. Ct. 2780, 2788 (2011) ("[A] defendant's placing goods into the stream of commerce 'with the expectation that they will be purchased by consumers within the forum State' may indicate purposeful availment.") (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)); *see also Oticon*, 865 F. Supp. 2d at 511.   Even if Defendant's website (and other contacts) constituted the "something more"[8] necessary to satisfy the more stringent version of the stream of commerce theory advanced by Justice O'Connor in *Asahi Metal*, Plaintiff cannot satisfy the second prong of the specific jurisdiction analysis:  relatedness.

---

[8] The Supreme Court split over its interpretation of the stream of commerce theory in *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987), with Justice Brennan writing in concurrence that jurisdiction may be exercised over a defendant who merely was "aware that the final product is being marketed in the forum State," *id.* at 117 (Brennan, J., concurring in part), and Justice O'Connor, writing for the plurality, holding that foreseeability alone was insufficient to invoke personal jurisdiction, and that assertion of jurisdiction requires "an action of the defendant purposefully directed toward the forum State," *id.* at 112-13 (opinion of O'Connor, J.).  In other words, "something more" indicating "an intent or purpose to serve the market in the forum State" is required to satisfy Due Process, such as "advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.* at 112 (opinion of O'Connor, J.).  The Supreme Court recently attempted to clarify application of the stream of commerce theory in *J. McIntyre Machinery, Ltd. v. Nicastro*, __, U.S. __, 131 S. Ct. 2780 (2011), but did not resolve the split. *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1363 (Fed. Cir. 2012) (stating that the Supreme Court "declined to resolve the *Asahi* split in *McIntyre*"); *Oticon*, 865 F. Supp. 2d at 513.  The Third Circuit has not yet addressed the impact of *Nicastro* on stream of commerce jurisprudence. *See Kingsmill v. Roundo AB*, No. 12-3524, 2013 U.S. Dist. LEXIS 100943, at *18-19 n.10 (E.D. Pa. July 18, 2013).  Instead, if both the Justice Brennen and Justice O'Connor standards in *Asahi Metal* are satisfied, the purposeful availment prong will be satisfied under the stream of commerce theory. *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 207 n.11 (3d Cir. 1998).

Indeed, Plaintiff must not only show that Defendant purposefully directed its activities at New Jersey by placing its products within the stream of commerce and targeting its advertising at this state, but must also show that the present "litigation [arose] out of or relate[s] to at least one of" Defendant's activities directed at New Jersey. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009), *cert. denied*, 559 U.S. 1048 (2010). The Third Circuit has held that the "relatedness" requirement is met if (1) Defendant's contact with the forum state is a "but for cause of the litigation," meaning that "the plaintiff's claim would not have arisen in the absence of the defendant's contacts," and (2) "the burden of personal jurisdiction on the defendant is justified by the value of the benefit from the contact." *O'Connor*, 496 F.3d at 319, 322-23; *see also Sullick v. United Pet Grp., Inc.*, No. 14-2950, 2015 U.S. Dist. LEXIS 76497, at *19-20 (E.D. Pa. June 12, 2015).

Here, Plaintiff fails to satisfy the "but for" prong of the relatedness element of specific jurisdiction. The Complaint fails to allege that Plaintiff's purchase of the Neon from Defendant, or David Gordet's death, would not have occurred in the absence of Defendant's contacts with New Jersey; Plaintiff does not allege that Defendant's website (or other advertisements) enticed or led Michael Gordet to travel to Pennsylvania to purchase the Neon. *Cf. O'Connor*, 496 F.3d at 323 (holding that "but-for" prong of relatedness element was satisfied where a plaintiff slipped and fell after receiving a massage in a defendant's hotel in Barbados because the plaintiff alleged he would not have purchased a massage, and thus would not have suffered a massage-related injury, absent defendant's solicitation of the plaintiff via newsletters and spa brochures). Indeed, it is not apparent that Defendant's website even contained the same language "targeting" New Jersey customers in November 2010, when Michael Gordet purchased the Neon, as the only screenshots provided to the Court are from March and April 2005. McNichols Cert., Ex. A, B,

9

and C.  Nor is there any allegation that Defendant's other activities in New Jersey, such as its unrelated sales to 51 New Jersey residents, or its mechanic's disputed-residence in this state, were a "but-for" cause of Plaintiff's instant litigation.

As a policy matter, to find specific jurisdiction in this case would blur the line between general jurisdiction and specific jurisdiction, rendering Defendant subject to jurisdiction in New Jersey for injuries caused by every car it has ever sold.  *See O'Connor*, 496 F.3d at 321-22. Accordingly, this Court cannot exercise specific jurisdiction over Defendant.

### C.      Transfer

This Court's lack of personal jurisdiction over Ted's Used Cars does not end this matter, as Plaintiff has also asserted claims against Chrysler Group LLC and Fiat Chrysler Automobiles, NV (collectively "Chrysler"), both of which are apparently subject to personal jurisdiction in New Jersey and Pennsylvania.  In order to allow all of Plaintiff's claim to be disposed of in one action, the parties, including Chrysler, have consented to the transfer of this matter to the United States District Court for the Middle District of Pennsylvania.  *See* 28 U.S.C. § 1404(a); *Amtrust at Lloyd's Ltd. v. Breslin*, No. 14-7761, 2015 U.S. Dist. LEXIS 38350, at *12 (D.N.J. Mar. 26, 2015) ("The Third Circuit has held that where there is a bona fide dispute over the existence of *in personam* jurisdiction, the interests of justice are furthered by transfer of the action to another district in which the action could have clearly been brought.") (citing *Schwilm v. Holbrook*, 661 F.2d 12, 16 (3d Cir. 1981)); *Custom Art Metals, Inc. v. Kiewit Eastern Co.*, No. 87-7215, 1988 U.S. Dist. LEXIS 2572, at *6 (E.D. Pa. Mar. 29, 1988) ("The interest of justice strongly favors the efficient disposal of all related claims in one action."); *Societe Novelle Generale de Promotion v. Kool Stop Int'l, Inc.*, 633 F. Supp. 153, 155 (E.D. Pa. 1985) ("If the lack of *in personam* jurisdiction is in

doubt, sound judicial administration requires transfer to a district where it clearly could have been brought.").

## IV.      CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss for want of personal jurisdiction is dismissed as moot, and this matter is transferred to the United States District Court for the Middle District of Pennsylvania.

Dated: October 21, 2015

/s/ The Honorable Freda L. Wolfson

United States District Judge